**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-1078C
(Filed: July 27, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DANILO A. ROBLETO,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

JUL 27 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

    This pro se action comes before the Court on Defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction or alternatively, for failure to state a claim upon which relief can be granted. Because Plaintiff has not alleged any claims within the Court's jurisdiction, this action is dismissed. The Court also declines to transfer this case to federal District Court.

### Background

    Plaintiff pro se Danilo Aldublin Robleto is currently incarcerated in Pennsylvania. Plaintiff alleges that in 2012, at the Butner Federal Correctional Complex ("FCC Butner") in North Carolina, he fell off an upper bunk. As a result of his fall, Plaintiff claims that he suffered multiple fractures to his face and a concussion that left him with permanent balance problems and dizziness. Plaintiff appears to assert that the negligence of Defendant caused his accident, as he alleges the upper bunk did not have "realsafety [sic]," the alarm did not work, the guard took too long to respond, and an unidentified individual died the day he fell. Compl. 2; Mot. to Dismiss App. at A2.

## Discussion

### Subject-Matter Jurisdiction

Subject-matter jurisdiction must be established before the Court may proceed to the merits. Aerolineas Argentinas v. United States, 77 F.3d 1564, 1572 (Fed. Cir. 1996). If the Court determines that it does not have subject-matter jurisdiction over the claim, the Court must dismiss the action. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). When deciding a motion to dismiss pursuant to Rule 12(b)(1), this Court must assume that all well-pleaded facts in the complaint are true and draw all reasonable inferences in the nonmovant's favor. Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

While a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, "complaints drafted by pro se litigants are held to 'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (citation omitted). Nevertheless, a pro se litigant must establish the Court's subject-matter jurisdiction. Tindle v. United States, 56 Fed. Cl. 337, 341 (2003). Moreover, "the court has no duty to create a claim where a pro se plaintiff's complaint is so vague or confusing that one cannot be determined." Fullard v. United States, 78 Fed. Cl. 294, 299 (2007).

The Tucker Act, 28 U.S.C. § 1491, provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

### This Court Lacks Jurisdiction Over Plaintiff's Tort and § 1983 Claims

In his opposition, Plaintiff asserts that his claim is based "on the Federal tort [sic] Claim title 42 U.S.C. 1983." Pl. Opp'n 1. However, this Court lacks jurisdiction over claims sounding in tort. Garrett v. United States, 15 Cl. Ct. 204, 208 (1988). The United States District Courts have exclusive jurisdiction over claims brought under the Federal Tort Claims Act. Beadles v. United States, 115 Fed. Cl. 242, 245-46 (2014).

Plaintiff also references § 1983 in his complaint, although it is unclear if he is attempting to assert a claim under this statute. Compl. 2. However, "[i]t is well settled that this [C]ourt does not have jurisdiction over civil rights claims brought under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. §§ 1981 or 1983." Osborn v. United States, 47 Fed. Cl. 224, 232 (2000).

### Transfer Under 28 U.S.C. § 1631

Defendant argues that the Court should not transfer Plaintiff's case to the appropriate District Court because Plaintiff failed to file a civil action within six months of the denial of his administrative claim for his fall. Def. Mot. 7 (citing 28 U.S.C. § 2401(b)).

Section 1631 of Title 28 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title [28 USCS § 610] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (2012).

Consistent with this statute, if this Court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought if the transfer "is in the interest of justice." Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005). The statutory phrase "[i]f it is in the interest of justice" refers to claims which are non-frivolous and should be decided on the merits. Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987). "A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

Plaintiff attached to his opposition an order, dated January 13, 2015, from the United States District Court for the Eastern District of North Carolina, Western Division, indicating that on November 7, 2012, Plaintiff filed a claim in that Court pursuant to the Federal Tort Claims Act, which was dismissed without prejudice on February 4, 2013, due to Plaintiff's failure to comply with court orders. This order indicated that on August 27, 2013, Plaintiff moved to reopen his case and that the District Court denied this motion on February 10, 2014, and noted that Plaintiff was no longer at his address of record. After the District Court resent a copy of the February 10, 2014 order to the Plaintiff at his new address on July 17, 2014, he again moved to reopen the case. The District Court found that Plaintiff failed to explain his inability to comply with court orders and had not demonstrated good cause. Additionally, without expressing an opinion on the merits of such claims, the District Court stated that Plaintiff could pursue any claim arising from his current incarceration in the appropriate federal district.

Plaintiff also attached to his opposition a letter dated September 13, 2012, from the Department of Justice indicating that his administrative claim under the Federal Tort Claims Act was denied because his alleged injuries did not result "from the negligence of any Bureau of Prisons staff member." Pl.'s Opp'n App. at A4. While Plaintiff alleges that his fall occurred on November 20, 2012, the letter denying Plaintiff's administrative claim is dated September 13, 2012. The letter and related materials state Plaintiff reported that his fall occurred on November 20, 2011, not 2012.[1]

---

[1] An accident date of November 20, 2011, would precede Plaintiff's filing of his original suit in the Eastern District of North Carolina on November 7, 2012, while a claimed accident date of November 20, 2012, would not.

3

2012. The letter and related materials state Plaintiff reported that his fall occurred on November 20, 2011, not 2012.[1]

As Defendant argues, the six-month time limit for Plaintiff to bring suit after the denial of his administrative claim passed as of March 13, 2012. See 28 U.S.C. § 2401(b) (2012). For these reasons, it would be futile to transfer any tort claim to a District Court. Nor did Plaintiff state a plausible claim under 42 U.S.C. § 1983. As such, this Court declines to transfer this matter.

## Conclusion

Defendant's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. All other pending motions are **DENIED**.[2] The Clerk of Court is directed to dismiss the Complaint.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[1] An accident date of November 20, 2011, would precede Plaintiff's filing of his original suit in the Eastern District of North Carolina on November 7, 2012, while a claimed accident date of November 20, 2012, would not.

[2] Plaintiff has filed two documents labeled "motion and petition for review" and also a "motion and consolidate [sic]."